**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LARRY D. CECIL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1849-SLP** |
| | ) | |
| **KELLI DAVIS, Warden,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Larry D. Cecil, proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging his state court conviction and sentence in Case No. CF-1986-6887, District Court of Oklahoma County, Oklahoma. Doc. 1 ("Original Petition"). Upon initial review, the Court ordered Petitioner to show cause why the Original Petition should not be dismissed for failure to present a § 2241 claim that entitles him to relief. Doc. 5. The Court further ordered Petitioner that, should he wish the action to move forward, he must also either pay the required $5.00 filing fee or, alternatively, file a motion to proceed in forma pauperis. *Id.* at 4. Petitioner timely filed an Application for Leave to Proceed In Forma Pauperis ("Application"), Doc. 6, and an Amended Petition, Doc. 7.

United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the

---

[1] The Court substitutes the proper spelling of Respondent's name.

reasons set forth below, the undersigned recommends that the Court dismiss the Amended Petition. Dismissal of the Amended Petition would moot the Application.

## I. Discussion

### A. Original Petition

In its earlier Order, the Court explained that the Original Petition was subject to dismissal because Petitioner may not challenge his conviction and sentence through a § 2241 petition. Doc. 5 at 1. A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation modified).

The Original Petition alleged no facts challenging the execution of his sentence. Instead, because Petitioner apparently sought to challenge his underlying state court conviction and sentence, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

The Court further explained to Petitioner that it would decline to convert the Original Petition to one brought under § 2254 for the following two reasons.

### 1. The Court lacks jurisdiction to hear a second or successive § 2254 petition brought by Petitioner.

Congress has imposed strict limitations on § 2254 actions, including generally prohibiting second or successive petitions. 28 U.S.C. § 2244(a). Petitioner has previously been denied relief in a § 2254 habeas action challenging his conviction and sentence in Case No. CF-1986-6887. Order, *Cecil v. Nunn*, No. CIV-22-3-SLP, Doc. 18 (W.D. Okla. June 8, 2022). Because Petitioner provided no indication that he has received prior authorization from the Tenth Circuit to file a second or successive habeas petition, the Court would lack jurisdiction to consider his Original Petition if it were converted to one brought under § 2254. *See* 28 U.S.C. § 2244(b) (requiring a petitioner to obtain authorization for filing a second or successive § 2254 habeas petition); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

### 2. Petitioner's claim appears to be meritless.

Further, Petitioner's claim in his Original Petition appeared to be meritless. He challenged his conviction and sentence on the grounds that he "is an Indian," Indians are "non-citizen[s] of the U.S. and its states," and therefore "are exempt from U.S. and its states['] authority to prosecute or detain." Doc. 1 at 7. However, in 1924, Congress enacted the Indian Citizenship Act, which declared that "all non-citizen Indians born within the territorial limits of the United States be, and they are hereby, declared to be citizens of the United States." Act of June 2, 1924, ch. 233, 43 Stat. 253. This citizenship guarantee

was carried forward by 8 U.S.C. § 1401(b), part of the Immigration and Nationality Act of 1952, which provides that "a person born in the United States to a member of an Indian, Eskimo, Aleutian, or other aboriginal tribe" shall be a national and citizen of the United States at birth. As such, it is well-settled that Indians are citizens of the United States.

**3. Order to Show Cause**

The Court ordered Petitioner to show cause why the Original Petition should not be dismissed for failure to present a § 2241 claim that entitles Petitioner to relief. Doc. 5. Petitioner responded to that Order by filing the Amended Petition. Doc. 7

**B. Amended Petition**

The Amended Petition is also brought under § 2241 and again attempts to challenge the underlying state court conviction and sentence in Case No. CF-1986-6887, District Court of Oklahoma County, Oklahoma. Doc. 7 at 2. Indeed, the Amended Petition presents the same claims presented in the Original Petition. *Compare* Doc. 1 at 6-7, *with* Doc. 7 at 7. Petitioner has not shown cause why the Original Petition should not be dismissed for failure to present a § 2241 claim that entitles him to relief. Instead, though the Amended Petition replaces and supersedes the Original Petition, it should be dismissed for the same reasons the Original Petition was subject to dismissal—that Petitioner may not challenge his conviction and sentence through a § 2241 petition. *See Prost*, 636 F.3d at 581; *McIntosh*, 115 F.3d at 811.

**C. Conclusion**

Because the Amended Petition seeks to challenge Petitioner's underlying state court conviction and sentence, and because such challenges are not properly brought through a

habeas petition under 28 U.S.C. § 2241, the Amended Petition should be dismissed without prejudice for failing to present a cognizable claim.[2] Adoption of this Report and Recommendation would moot the pending Application, Doc. 6.[3]

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **dismiss the Amended Petition without prejudice**. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court **not later than September 8, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and

[2] The undersigned notes the Amended Petition is unsigned, *see* Doc. 7 at 8, which is another reason it should be dismissed. *See* Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts (instructing that a petition must be signed under penalty of perjury); *id.*, Rule 1(b) (stating that a district court may apply these Rules to habeas petitions brought under § 2241). *See also* 28 U.S.C. § 2242 (requiring that an "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended"); *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1088 (10th Cir. 2008) ("It is Rules 2(a) through 2(c) that set forth the minimum pleading requirements for the content of a petition.").

[3] If the Application is not mooted, it should be denied. Petitioner did not provide the required financial information, so the Application is insufficient to grant him in forma pauperis ("IFP") status. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that "to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees"); *see also id.* at 1313 ("We conclude that the district court did not abuse its discretion in denying IFP status after [plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information.").

legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 18th day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE