**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LARRY D CECIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1849-SLP |
| | ) | |
| KELLI DAVIS, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 8] (R&R) issued by United States Magistrate Judge Chris M. Stephens, recommending the Court dismiss Petitioner's Amended Petition for failure to state a cognizable § 2241 claim upon which relief can be granted. *See* R&R [Doc. No. 8] at 3–5.

Petitioner, a state prisoner appearing pro se, filed a Petition for a Writ of Habeas Corpus [Doc. No. 1] (Original Petition), pursuant to 28 U.S.C. § 2241, challenging his Oklahoma state court conviction and sentence in Case No. CF-1986-6887, District Court of Oklahoma County, Oklahoma. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to the Magistrate Judge. On July 27, 2026, the Magistrate Judge ordered Petitioner to show cause why the Original Petition should not be dismissed for failure to state a claim under § 2241. *See* Order [Doc. No. 5] at 1-3. In the Order, the Magistrate Judge found that Original Petition under § 2241 was subject to dismissal as § 2241 is "generally reserved for complaints about the nature of a prisoner's

---

[1] The Court substitutes the proper spelling of Respondent's name.

confinement," rather than for attacks on the validity of the conviction and sentence. *See* Order [Doc. No. 4] at 1 (quoting *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)). The Magistrate Judge also declined to characterize the Original Petition as brought under § 2254 as the Court lacked jurisdiction to hear a second or successive § 2254 petition and that the claim in the Original Petition appeared to be meritless. *See id.* at 2-3.

In response to the July 27, 2026 Order, Petitioner filed an Amended Petition [Doc. No. 7]. The Magistrate Judge found in the R&R that the Amended Petition suffered from the same deficiencies as the Original Petition, and therefore was subject to dismissal. *See* R&R [Doc. No. 8] at 3-5.

Petitioner was advised that he could object to the R&R on or before September 8, 2026, and that failure to timely object could result in the waiver of his right to appellate review of the factual and legal issues raised. *Id.* at 5. On August 28, 2026, Petitioner filed what the Court construed as a motion for extension of time. *See* Mot. for Ext. [Doc. No. 10]. The Court extended the deadline for Petitioner to file an objection to September 29, 2026. *See* Order [Doc. No. 12]. Petitioner subsequently did not file an objection nor seek any further extension of time to object. Therefore, the Court finds that Plaintiff has waived further review of all issues addressed in the R&R. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Upon review, the Court concurs with the analysis set forth in the R&R.

Prior to the Court's ruling on the R&R, Petitioner attempted to file a second amended Petition, *see* [Doc. No. 14],[2] without leave of Court. *See* Fed. R. Civ. P. 15(a)(2). Even if the Court were to consider the Second Amended Petition, it suffers from the same deficiencies as the previous Petitions filed in this matter. Petitioner asserts for the first time in the Second Amended Petition that he is able to pursue relief under § 2241 by function of the "savings" clause of 28 U.S.C. § 2255(e). *See* Second Amended Petition [Doc. No. 14] at 2 (citing *Prost*, 636 F.3d at 581).[3] Petitioner cited to no authority which supports the application of the "savings clause" of § 2255(e) to a § 2241 petition brought by a state prisoner. *See Kirk v. Davis*, No. CIV-26-138-JD, 2026 WL 2878761, at *2 (W.D. Okla. Sept. 24, 2026) ("Petitioner is not a 'federal prisoner' proceeding under the 'savings clause' in § 2255(e). Thus, contrary to his attempt to apply it to his Petition . . . the savings clause in § 2255(e) do[es] not apply.") (cleaned up). Absent binding authority, the Court declines to apply the "savings clause" of § 2255(e) in this matter involving a state prisoner.

IT IS THEREFORE ORDERED that the R&R [Doc. No. 8] is ADOPTED in its entirety, and the Amended Petition [Doc. No. 7] is DISMISSED WITHOUT PREJUDICE. A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

---

[2] While titled as "Amended Petition," the Court refers to [Doc. No. 14] as the Second Amended Petition to avoid confusion.

[3] Contrary to Petitioner's assertions, 28 U.S.C. § 2254(b)(1) does not contain a similar "savings clause" as § 2255(e). Section 2254(b)(1) only contains requirements for the exhaustion of state court remedies prior to filing a habeas action under § 2254 and does not relate to the ability to bring a habeas action under § 2241. *See* 28 U.S.C. § 2254(b)(1).

IT IS FURTHER ORDERED that Petitioner's Application for Leave to Proceed *In Forma Pauperis* [Doc. No. 6], Motion to Appoint Counsel [Doc. No. 13], and Amended Motion to Appoint Counsel [Doc. No. 15] are DENIED as MOOT.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.[4] A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

[4] A state prisoner seeking to appeal the denial of a habeas petition filed pursuant to 28 U.S.C. § 2241 must obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

IT IS SO ORDERED this 20th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**